**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SCOTT LEVY,

          Petitioner,

v.

NORTHWEST POWER AND
CONSERVATION COUNCIL,

          Respondent.

No.    22-70156

MEMORANDUM[*]

On Petition for Review of an Order of the
Northwest Power and Conservation Council

Submitted June 5, 2023[**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

    Scott Levy petitions pro se for review of the Northwest Power and

Conservation Council's (Council) adoption of the 2021 Northwest Power Plan

(2021 Plan).  Levy argues that the Council improperly adopted the 2021 Plan by

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**] The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

failing to analyze how the potential removal of certain federal dams on the Snake River would affect the regional power supply.  We deny the petition because that purported deficiency did not render adoption of the Plan "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"[1]

We disagree with Levy that 16 U.S.C. § 839b(e)(3)(E) required the Council to analyze the possible retirement of the dams in the 2021 Plan.  The Council's interpretation of that statute as charging it with considering the impact of "new power-resource acquisitions, not . . . existing resources,"[2] is both reasonable and consistent with existing law.[3]  Moreover, the administrative record[4] contains no indication that the owner of the dams has planned or scheduled their retirement. *See San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014); *cf.* 16 U.S.C. § 839a(4)(A)(i).

---

[1] *Nw. Res. Info. Ctr., Inc. v. Nw. Power & Conservation Council*, 730 F.3d 1008, 1015 (9th Cir. 2013); *see also* 5 U.S.C. § 706(2)(A); 16 U.S.C. § 839f(e)(2); *United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc); *Ocean Advocs. v. U.S. Army Corps of Eng'rs*, 402 F.3d 846, 858–59 (9th Cir. 2005).

[2] *Nw. Res. Info. Ctr.*, 730 F.3d at 1017.

[3] *Id.*; *see also id.* at 1015.

[4] We decline Levy's implicit invitation to expand the administrative record. *See Nw. Env't Advocs. v. Nat'l Marine Fisheries Serv.*, 460 F.3d 1125, 1144–45 (9th Cir. 2006); *see also* 16 U.S.C. § 839f(e)(2).

The Council analyzed a variety of potential scenarios in the 2021 Plan, and it explained therein and in the supporting materials why it chose not to include the dam retirement scenario at that time. Among other things, it noted that there were no planned retirement dates for the dams and that the Council's role was not to recommend retirement of existing resources. The Council adequately considered the relevant factors, and its decision to omit Levy's preferred scenario from the 2021 Plan was reasonable. *See Ocean Advocs.*, 402 F.3d at 859; *see also WildEarth Guardians v. Provencio*, 923 F.3d 655, 672 (9th Cir. 2019).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985–86, 985 n.2 (9th Cir. 2009) (per curiam).

**PETITION DENIED.** The Council's motion to strike (9th Cir. Dkt. 29) is **DENIED** as moot.